101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jose RIVERA, Petitioner-Appellant,
v.
Robert KUHLMANN, Superintendent of Sullivan Correctional
Facility, Respondent-Appellee.
 No. 95-2806.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 Laurie S. Hershey, Garden City, NY, for appellant.
 S.D.N.Y.
 AFFIRMED.
 Gregory H. Mansfield, Asst. U.S. Atty. for the Southern District of New York, New York, NY, for appellee.
 Before MAHONEY, McLAUGHLIN, Circuit Judges, and CARMAN, Judge.*
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Petitioner-appellant Jose Rivera appeals from a judgment entered October 16, 1995 in the United States District Court for the Southern District of New York that denied his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Rivera had previously been convicted of murder in the second degree in violation of New York Penal Law § 125.25(3), and is currently serving his sentence of imprisonment for twenty-five years to life.
 
 
 4
 2. Rivera's habeas petition alleges that he was denied effective assistance of counsel at trial because defense counsel denied him his right to testify on his own behalf. Rivera also asserts that defense counsel failed to adequately investigate and consider a justification defense. Rivera admits, however, that the only evidence which could have been presented in support of such a defense would have been his own testimony. Had Rivera so testified, he would certainly have been impeached by the government with his own statement to police that he was stabbed by a man whom he was trying to rob. In light of the strength of the government's evidence at trial and Rivera's prior admission that he was attempting to rob the victim, Rivera has failed to show that but for counsel's alleged refusal to allow Rivera to testify, "the result of the proceeding would have been different." United States v. Hurtado, 47 F.3d 577, 583 (2d Cir.) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 693-94 (1984)), cert. denied, 116 S.Ct. 266 (1995).
 
 
 5
 3. Rivera also claims error on the part of the district court in failing to conduct an evidentiary hearing on the issue whether Rivera was denied effective assistance of counsel. A federal court is not required to hold an evidentiary hearing on issues presented in a habeas petition pursuant to 28 U.S.C. § 2254 unless the factual allegations asserted, if proved, would entitle the petitioner to relief. See Tate v. Wood, 963 F.2d 20, 24 (2d Cir.1992). Because, as we have already concluded, the allegations contained in Rivera's petition, if proved, would be inadequate to show that defense counsel's actions constituted ineffective assistance of counsel, the district court did not abuse its discretion in denying Rivera an evidentiary hearing.
 
 
 6
 4. Rivera also alleges that the government improperly commented upon Rivera's failure to testify, violating his Fifth Amendment right against self-incrimination. The prosecution's closing argument must be considered in light of the defense closing which preceded it, see Darden v. Wainwright, 477 U.S. 168, 179 (1986), and will not be grounds for habeas relief unless the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process," Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). We conclude that the prosecutor's statement that there was no evidence to support the theories raised in defense counsel's closing argument was neither "manifestly intended [n]or ... of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." United States v. Pitre, 960 F.2d 1112, 1124 (2d Cir.1992) (internal quotation omitted). Thus, the government's closing argument did not constitute a denial of due process requiring reversal of Rivera's conviction.
 
 
 
 *
 The Honorable Gregory W. Carman of the United States Court of International Trade, sitting by designation